IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BURBIDGE MITCHELL & GROSS,<br><br>    Plaintiff,<br><br>v.<br><br>TIMOTHY OLSON, et al.<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:11-cv-00640-DB-DBP<br><br>District Judge Dee Benson<br><br>Magistrate Judge Dustin B. Pead |

## I.  INTRODUCTION

This diversity matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A). Plaintiff is Burbidge Mitchell & Gross. Defendants are: (1) Timothy Olson; (2) Kenneth W. Griswold; (3) Paul H. Peters; (4) C&M Properties; (5) High Mountain Partners; and (6) JJRRNL Trust 1998.

On March 20, 2013, Defendants Timothy Olson, C&M Properties, High Mountain Partners, and JJRRNL Trust 1998 (the "Olson Defendants") filed an emergency motion to extend the dispositive motion deadline from April 1, 2013 to April 8, 2013. Defendant Griswold moved to join their motion. For the reasons below, the Court **GRANTS** both motions. (Docket Nos. 179; 184.)

## II.  OLSON DEFENDANTS' MOTION TO AMEND DEADLINE

The Olson Defendants move to extend the dispositive motion deadline because of an unfinalized deposition, and their legal assistant's serious illness. (Dkt. No. 179.) "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

### A. Unfinalized Deposition

The Olson Defendants claim the parties agreed to the current dispositive motion deadline because they assumed they could complete their depositions by then. (Dkt. No. 179 at 5.) However, the Olson Defendants recently learned Richard Burbidge's[1] deposition transcript will not be finalized until April 8, 2013. (Id. at 3; 179-2.) The Olson Defendants feel this situation warrants an extension. Plaintiff does not respond to this argument.

### B. Legal Assistant's Illness

On March 19, 2013, the Olson Defendants' counsel, Alan K. Hyde, learned his longtime legal assistant, Ms. Opsahl, had been hospitalized for lung cancer surgery, and would not be working "for several days." (Dkt. No. 179 at 3.) As such, she cannot timely assist Hyde in preparing the Olson Defendants' dispositive motion, locating and assembling all relevant exhibits, and "executing a declaration regarding the accuracy of documents received and maintained." (Id. at 3, 4.)

Plaintiff opposes because it believes others in the two firms representing the Olson Defendants can perform Opsahl's functions. (Dkt. No. 181 at 2-3.) However, the Olson Defendants persuasively emphasize that Opsahl possesses unique information about "this case and its documents" because she is the only person in Hyde's firm who has worked the case since its inception. (Dkt. No. 179 at 3-4; 182 at 3.)

Nevertheless, Plaintiff argues it would be "prejudiced" by a dispositive motion extension. (Dkt. No. 181 at 4.) From mid-April to mid-June, Plaintiff's lead counsel will participate in a multi-week trial. (Id. at 2, 4.) Therefore, he will not be able to respond to the Olson Defendants' dispositive motion "after mid-April." (Id. at 2.) However, to lessen this prejudice, the Olson

---

[1] Richard Burbidge serves as one of Plaintiff's principles. (Dkt. No. 179 at 2.)

Defendants "will be happy to grant [P]laintiff's counsel until sometime in June, if needed . . . for [P]laintiff to file its dispositive motion response . . . ."  (Dkt. No. 182 at 5.)

### III. DEFENDANT GRISWOLD'S JOINDER

Defendant Griswold filed a "Joinder in Emergency Motion to Extend Dispositive Motion Deadline."  (Dkt. No. 184.)[2]  Plaintiff opposes because it argues Opsahl's illness does not affect the other Defendants' abilities to meet the current deadline.  (Dkt. No. 185 at 2.)  Plaintiff also fears allowing all Defendants to file their dispositive motions on April 8, 2013 will complicate Plaintiff's ability to timely respond, given its lead counsel's scheduling issues.  (Id. at 2-3.)

However, Defendant Griswold cogently reasons that any extension should apply to *all* Defendants where Plaintiff's causes of action "inextricably tie together all of the [D]efendants and the defenses anticipated for dispositive motions."  (Dkt. No. 184 at 2.)  He believes allowing "all [D]efendants to coordinate their dispositive motion filings will serve interests of judicial economy and minimize unnecessary repetition and overlap among several anticipated dispositive motions addressing closely related factual and legal matters."  (Id.)

### IV. ORDERS

The Court recognizes Plaintiff's scheduling concerns.  However, Richard Burbidge's deposition will not be finalized until April 8, 2013.  Moreover, Opsahl's institutional knowledge of this case justifies the Olson Defendants' reliance on her.  Given these circumstances, and Defendants' assurances they will accommodate Plaintiff's future dispositive motion extension requests (Dkt. Nos. 182 at 5; 184 at 2), the Court finds good cause for the Olson Defendants' motion.  As such, the Court issues the following **ORDERS**:

---

[2] Defendant Griswold's joinder request is not docketed as a motion for joinder, but rather as a memorandum in support of the original extension motion.  (Dkt. No. 184.)  However, in the interest of issuing a prompt decision, the Court considers it a motion for joinder.

The Olson Defendants' motion to extend the dispositive motion deadline to April 8, 2013 is **GRANTED** as to all Defendants in this case. (Dkt. No. 179.)

All Defendants' counsels of record, and any unrepresented parties, shall meet and confer with Plaintiff's counsel to reach agreement upon any requested briefing extension in connection with any dispositive motions filed, so as to accommodate Plaintiff's counsel's schedule and availability.

Defendant Griswold's motion for joinder is **GRANTED**. (Dkt. No. 184.)

Dated this 22nd day of March, 2013.

_____
Dustin B. Pead
United States Magistrate Judge