IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BURBIDGE MITCHELL & GROSS,<br><br>  Plaintiff,<br><br>v.<br><br>TIMOTHY OLSON, et al.,<br><br>  Defendants. | MEMORANDUM DECISION<br><br>Case No. 2:11-cv-00640-DB-DBP<br><br>District Judge Dee Benson<br><br>Magistrate Judge Dustin B. Pead |

## I.  INTRODUCTION

This diversity matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A). (Dkt. No. 158.) Plaintiff is Burbidge Mitchell & Gross. Defendants are: (1) Timothy Olson; (2) Kenneth W. Griswold; (3) Paul H. Peters; (4) C&M Properties; (5) High Mountain Partners; and (6) JJRRNL Trust 1998. The Court considers nonparty Mimi Kim's ("Movant's") motion to intervene. (*Id.*) She moves to intervene to move for a protective order that limits Plaintiff's access to her and Defendant Griswold's joint tax returns. (Dkt. No. 158-1.) For the reasons set forth below, the Court **DENIES** the motion.

## II.  PROCEDURAL HISTORY

Movant is married to Defendant Griswold. (Dkt. No. 158 at 2.) As spouses, Defendant Griswold and Movant have filed joint tax returns from 2006 to the present. (*Id.*) On January 25, 2012, Plaintiff requested Defendant Griswold's tax returns from 2009 to the present because the

tax returns bore relevance to Plaintiff's punitive damages claim against Defendant Griswold. (Dkt. No. 170 at 2.)

Initially, Defendant Griswold objected to providing the tax returns because he felt they lacked relevance. (*Id.*) To address this concern, on June 5, 2012, Plaintiff wrote a letter to Defendant Griswold that detailed the tax returns' relevance. (Dkt. No. 170-1, Ex. A.) After reviewing this letter, on June 8, 2012, Defendant Griswold agreed to provide the returns "subject to a protective order limiting [their] use and disclosure exclusively to counsel in this action." (Dkt. No. 170-2, Ex B.)

Accordingly, on October 5, 2012, this Court issued a stipulated-to protective order that designated tax returns as highly confidential, and limited their disclosure to attorney's eyes only. (Dkt. No. 125.) Despite this nearly year-old protective order, Defendant Griswold has failed to provide the tax returns. (Dkt. No. 170 at 3.) Instead, on February 19, 2013, Movant filed this motion to intervene "for the limited purpose of protecting her privacy interests related to the requested production of her joint income tax returns." (Dkt. No. 158 at 1.)[1]

### III. STANDARD OF REVIEW FOR INTERVENTION

Fed. R. Civ. P. 24(a)(2) requires a court to allow a nonparty to intervene, as a matter of right, when the nonparty timely moves to intervene, and also:

> [1] claims an interest relating to the property or transaction that is the subject of the action, and [2] is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless [3] existing parties adequately represent that interest.[2]

---

[1] Plaintiff suspects Movant brought her motion to intervene in "bad faith . . . to prevent discovery of facts relevant to this action and/or to delay adjudication of this action, similar to [Defendant] Griswold's earlier motion to enforce a phantom arbitration agreement, for which [Defendant] Griswold and his attorney were sanctioned under Rule 11." (Dkt. No. 170 at 3.)

[2] The Tenth Circuit views the first two factors above as "the impaired-interest requirement for intervention . . . ." *San Juan Cnty., Utah v. United States*, 503 F.3d 1163, 1190 (10th Cir. 2007).

However, the aforementioned "factors are not rigid, technical requirements." *San Juan Cnty., Utah v. United States*, 503 F.3d 1163, 1195 (10th Cir. 2007) (citation omitted). Rather, the court should "equitabl[y] balanc[e]" the factors "together rather than discretely." *Id.* In balancing these factors, "[t]he central concern in deciding whether intervention is proper is the practical effect of the litigation on the applicant for intervention." *Id.* at 1193.

## IV.     ANALYSIS OF MOVANT'S MOTION TO INTERVENE

For purposes of this decision, the Court assumes, without deciding, that Movant filed a timely motion, and that she meets the impaired-interest requirement for intervention. That is, the Court assumes Movant claims a legitimate privacy interest in her joint tax returns, and that her privacy interest relates to the property/transaction in this action. (Dkt. No. 158 at 4-5.) The Court also assumes that disposing of the action may impair/impede Movant's ability to protect her privacy interest. (*Id.* at 5-6.)

However, even assuming Movant satisfies the aforementioned criteria, she "is not entitled to intervene if [her] interest is adequately represented by existing parties." *San Juan Cnty.*, 503 F.3d at 1203 (citing Fed. R. Civ. P. 24(a)(2)). A court will presume representation "is adequate when the objective of the applicant for intervention is identical to that of one of the parties." *City of Stilwell, Okla. v. Ozarks Rural Elec. Coop. Corp.*, 79 F.3d 1038,1042 (10th Cir. 1996) (quotation omitted). *See also Statewide Masonry v. Anderson*, No. 12-8045, 2013 WL 657288, at *5 (10th Cir. Feb. 25, 2013) (unpublished) ("[T]he presumption applies if [the party and nonparty] have a common objective with respect to the suit; their motivations for pursuing that common objective are immaterial.").

Here, Plaintiff argues, and this Court agrees, that Movant and Defendant Griswold share an identical objective because they "both expressed a desire to protect the privacy of their joint tax returns," as evidenced by Defendant "Griswold's insistence that Plaintiff stipulate to entry of a protective order limiting the availability of" the tax returns "to 'attorney's eyes only.'" (Dkt. No. 170 at 7.) Therefore, the Court presumes Defendant Griswold adequately represents Movant's interests.

Even assuming Movant and Defendant Griswold lacked an identical objective, Movant would bear a "minimal burden" to show Defendant Griswold's representation "may" be inadequate. *Nat'l Farm Lines v. Interstate Commerce Comm'n*, 564 F.2d 381, 383 (10th Cir. 1977). In essence, Movant argues she met this burden where Defendant Griswold "failed to take action to prevent the production of [her] personal financial information in the first instance." (Dkt. No. 158 at 6.) *See Sanguine, Ltd. v. U.S. Dep't of Interior*, 736 F.2d 1416, 1419 (10th Cir. 1984) ("An applicant may fulfill this burden by showing" a party representative "failed in fulfilling his duty to represent the applicant's interest," or "by showing collusion between the representative and an opposing party, [or] that the representative has an interest adverse to the applicant . . . .").

The Court finds no collusion, or adverse interest. Similarly, the Court finds that Defendant Griswold fulfilled his duty to represent Movant's privacy interests. Defendant Griswold initially objected to producing their joint tax returns on relevance grounds. Subsequently, he only agreed to produce them under a protective order that limited their disclosure to attorney's eyes only. *See Sanguine*, 736 F.2d at 1419 ("[R]epresentation is not inadequate simply because the applicant and representative disagree regarding the facts or law of the case . . . . [or] merely

because the representative enters into a consent decree . . . .").  Therefore, Movant has failed to meet her burden regarding inadequate representation.

To the extent Movant argues the protective order "does not adequately protect her rights because it does not prevent the unwarranted disclosure of her information to Plaintiff's counsel," (Dkt. No. 158 at 2) the Court again disagrees.  Movant never alleges, nor does the evidence suggest, that Plaintiff will refuse to comply with the protective order.  Under such circumstances, the Court concludes that the highly restrictive protective order adequately protects Movant's privacy interest in her joint tax returns.[3]  *See Interstate Narrow Fabrics, Inc. v. Century USA, Inc.*, No. 1:02CV00146, 2004 WL 444570, at *3 (M.D.N.C. Feb. 24, 2004) (unpublished) (finding protective order sufficient to protect privacy interest that defendant's spouse had in joint tax returns); *Sakaguchi v. Legacy Health Sys.*, No. Civ.A. 98-95-FR, 1998 WL 709788, at *2 (D. Or. Sept. 17, 1998) (unpublished) (concluding parties' stipulated protective order "defeat[ed] an invasion of privacy argument" put forth by party to prevent disclosing joint tax returns she filed with her nonparty husband).

## V.    ORDERS

For the reasons discussed above, the Court **DENIES** Movant Mimi Kim's motion to intervene.  (Dkt. No. 158.)

Dated this 28th day of August, 2013.                    By the Court:

Dustin B. Pead
United States Magistrate Judge

---

[3] If circumstances change in the future placing Movant's privacy interest in greater jeopardy, Movant may consider renewing her motion to intervene.